UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

REECE HARRISON, on behalf of
herself, and a class of similarly
situated individuals

      CASE NO.:

    Plaintiff,

v.

LEGAL HELPERS DEBT RESOLUTION,
LLC; a Nevada Limited Liability Company
d/b/a THE FIRM OF MACEY, ALEMAN,
HYSLIP & STERN, CDS CLIENT
SERVICES, INC., a California corporation,
And James AGOSTO, A Minnesota
resident.

    Defendants.
_____/

## **DEFENDANTS' NOTICE OF REMOVAL**

Defendants Legal Helpers Debt Resolution, LLC d/b/a The Firm of Macey Aleman Hyslip & Searns ("LHDR") and James Agosto ("Agosto") (collectively "Defendants"), pursuant to 28 U.S.C. §§ 1441, 1446, and the Class Action Fairness Act of 2005 ("CAFA"), as codified in 28 U.S.C. §§ 1332(d) and 1453, and with full reservation of all defenses, hereby remove this action from the District Court of Olmsted County, Minnesota to the United States District Court for the District of Minnesota. In support of this Notice of Removal, Defendants state the following:

## I. Background.

1.     On August 10, 2012, Plaintiff Reece Harrison ("Plaintiff") served Defendants with this lawsuit with the above caption. To date, however, Plaintiff has not yet filed the lawsuit in the District Court of Olmsted County, Minnesota. Plaintiff brings his claim individually and as putative class action on behalf of all others similarly situated Minnesota consumers. Plaintiff alleges two (2) claims against Defendants: First Cause of Action for Violations of Minnesota Statute 332B, Debt Settlement services (Compl., ¶¶ 51-59, including subparts); and a Second Cause of Action for False Advertising pursuant to Minn. Stat. § 325F.67 and Minn. Stat. § 8.31 (Compl., ¶¶ 60-63). A true and correct copy of the Complaint is attached hereto as "Composite Exhibit A" (hereto). Plaintiff seeks injunctive relief, actual, incidental, and consequential damages, as well as, punitive damages, statutory fees, costs and attorneys' fees (Compl., p. 19).

2.     Plaintiff seeks to represent a class of Minnesota residents defined as:

> Plaintiff brings this class action on behalf of himself and all other persons who while residents in the State of Minnesota entered into a service agreement with the defendants anytime beginning August 1, 2009 until present.

(Compl. ¶ 64).

## II. Basis for Jurisdiction.

1.     This Court has jurisdiction over this removed action pursuant to 28 U.S.C. §§ 1332(d), 1441 and 1453. This action for monetary relief could have been

filed originally in this Court pursuant to 28 U.S.C. § 1332(d)(2), because it is a putative class action wherein at least one Plaintiff is a citizen of a State different from at least one Defendant, and the value of the matter in controversy exceeds $5,000,000 in the aggregate.

### III.    This case is a "Class Action" under CAFA.

1.    This case is a putative "class action" as defined by 28 U.S.C. § 1332(d)(1)(B).  (*See* Compl. ¶¶ 64-75). According to 28 U.S.C. § 1332(d)(1)(B), the term "class action" means any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar state statute or rule of judicial procedure authorizing an action to be brought by one (1) or more representative persons as a class action.

2.    According to the Complaint, Plaintiff alleges that class certification is appropriate by asserting that common questions of law and fact exists, (Compl. ¶¶ 65-72); that Plaintiff and Class members are typical, (Compl. ¶ 73); that Plaintiff and counsel are adequate representative of the Class members, (Compl. ¶ 74); and that the class is predominant and superior. (Compl. ¶ 75, including subparts). Indeed, Rule 23.01, of the Minnesota Civil Procedure, conforms to Federal Rule 23 authorizing an action to be brought by one (1) or more representative persons as a class action. (*See* Minn. RCP Rule 23.01). Accordingly, this action classifies as a class action under by 28 U.S.C. § 1332(d)(1)(B).

### IV. The CAFA requirements are met here.

1. Federal district courts have original jurisdiction over any purported class action in which (i) any member of a class of plaintiffs is a citizen of a State different from any defendant and (ii) the value of the matter in controversy exceeds $5,000,000 in the aggregate.[1] Additionally, there must be at least 100 members in the putative class.[2] Each of these requirements is satisfied in this case.

### V. Diversity Requirement.

1. The diversity requirement is met in this case.[3]

   a. **Citizenship of Plaintiff**. Plaintiff, the proposed class representative, is a resident and citizen of the State of Minnesota. (Compl. ¶ 6).

---

1. *See Marple v. T-Mobile Cent., LLC,* 639 F.3d 1109, 1110 (8th Cir. 2011) ("The CAFA **explicitly grants original jurisdiction based on aggregated claims of class members** within 'any class action'" (emphasis added)); *see also*, 28 U.S.C. § 1332(d)(6) ("[T]he claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.")
2. Exhibit B (hereto), Declaration of Jason Searns ¶ 4. **Here, there are over 400 members of the putative class as defined by Plaintiff in the Complaint.**
3. The rule of unanimity, which requires the consent of all properly served defendants in the Notice of Removal, is suspended in cases where the Class Action Fairness Act applies. *See, e.g., Adams v. Macon County Greyhound Park, Inc.,* No. 3:11–CV–125–WKW, 2011 WL 5294732, at *2 n. 7 (M.D. Ala. Nov. 3, 2011) (citing to 28 U.S.C. §1453(b): ". . . such action may be removed by any defendant **without the consent of all defendants**." (emphasis added)). Regardless, counsel for CDS has informed counsel for Defendants, on August 29, 2012, that CDS does consent to the removal of this matter to this Court.

4

    b. **Citizenship of Defendants**. LHDR is a Nevada limited liability company with its principle place of business in the State of Illinois. Mr. Agosto, who is a Class B member of LHDR, is a resident and citizen of the State of Minnesota. Thus, LHDR is also a citizen of the State of Minnesota. CDS Client Services, Inc. ("CDS"), however, is a California Corporation (Compl. ¶ 10). CDS's principle place of business is also in California.[4] Thus, CDS is a citizen of the State of California, and <u>not</u> a citizen of the State of Minnesota. Consequently, at least one member of the purported class of Plaintiffs is a citizen of a state <u>different</u> from at least one Defendant. Indeed, Plaintiff, a citizen of Minnesota, is diverse from CDS, a citizen of California. Thus, because at least one Plaintiff and one Defendant are citizens of different states, the diversity requirement is met.[5]

## VI. Value of the matter in controversy.

 1. Based on the factual allegations of the Complaint, as well as, this Notice of Removal, construed as true for the purposes of assessing removal

---

[4] *See* http://cdsclientservices.com/contactus.htm (last visited Aug. 29, 2012); *see also* California Sec. of State Business Search – CDS Client Services, Inc. http://kepler.sos.ca.gov/cbs.aspx (last visited Aug. 29, 2012).

[5] *See* 28 U.S.C. § 1332(d)(2)(A). CAFA provides that federal courts have original jurisdiction over class actions based on state law when in which the amount in controversy exceeds $5,000,000 and there is minimal diversity, *i.e.*, at least one plaintiff and one defendant are citizens of different states. *Green v. Supershuttle Int'l, Inc.*, No. 09-2129 ADM/JJG, 2010 WL 419964 at *1 (D. Minn. Jan. 29, 2010).

jurisdiction, the value of the matter in controversy here indisputably exceeds $5,000,000[6] exclusive of interests and costs. *See* 28 U.S.C. § 1332(d)(2).

2. According to the Eighth Circuit: "[A] party seeking to remove under CAFA must establish the amount in controversy by a preponderance of the evidence regardless of whether the Complaint alleges an amount below the Jurisdictional Amount."[7] Pursuant to this standard "'[t]he jurisdictional fact . . . is not whether the damages are greater than the requisite amount, *but whether a fact finder might legally conclude that they are.*'"[8]

3. Here, Defendants are able to show by preponderance of the evidence that the value of the matter in controversy in this case is met.

4. First, Defendants collected fees in excess of $3,452,00.00 from the the putative class.[9] Plaintiff's Complaint makes clear that he seeks actual damages on behalf of himself and of the putative class. Therefore, actual damages of at least $3,452,000.00 are in controversy here.

---

6. Of course, Defendants do not admit that Plaintiff is an appropriate class representative or that Plaintiff, or the class she seeks to represent, would be entitled to damages that meet or exceed $5,000,000. Defendants only seek to establish that they have met their burden of showing the sum or value of the matter in controversy is sufficient to satisfy CAFA.
7. *Hargis v. Access Capital Funding, LLC,* 674 F. 3d 783, 789 (8th Cir. 2012).
8. *Hargis,* 674 F.3d at 789 (some emphasis added).
9. Exhibit B (hereto), Declaration of Jason Searns ¶ 3.

5.     Second, in addition to actual damages, Plaintiff also seeks statutory damages – including incidental damages and consequential damages. (Compl. Demand for Relief ¶¶ 4-5). And, Plaintiff also requests punitive damages, injunctive relief and attorneys' fees. Plaintiff fails to indicate an actual amount for such damages, but, as shown below, the matter in controversy here is well in excess of the $5,000,000.00 requisite threshold amount.

6.     Plaintiff's Complaint seeks statutory damages for Plaintiff and class putative members based on alleged violations of the Minnesota's Debt Settlement Services statute, section 332B. (Compl. ¶¶ 52-59). Specifically section 332B.13(2) provides:

> (a)   A debt settlement services provider who fails to comply with any of the provisions of this chapter, or a lead generator who violates section 332B.11, is liable under this section in an individual action for the sum of: (1) actual, incidental, and consequential damages sustained by the debtor as a result of the failure; and (2) statutory damages of up to $5,000.
>
> (b)   A debt settlement service provider who fails to comply with any of the provisions of this chapter . . . , is liable to the named plaintiffs under this section in a class action for the amount each named plaintiff could recover under paragraph (a), clause (1), and to the other class members for such amount as the court may allow.[10]

Plaintiff demands statutory damages in his Complaint. Thus, under the above statute he may be entitled to $5,000, <u>over and above</u> the actual, incidental, and

---

10.   Minn. Stat. Ann. § 332B.13 (West 2012) (some emphasis added).

consequential damages. Moreover, also <u>over and above</u> the actual, incidental, and consequential damages, each putative class member is also entitled to damages in an "amount as the court may allow." The Court, if awarding the named Plaintiff $5,000 in additional damages, could potentially also allow an award of $5,000 to each putative class member. Here, with <u>over</u> 500 putative class members, this amounts to a possible total statutory damages award of at least $2,500,000. Thus, this $2,500,000, in addition to the actual damages of more than $3,452,000.00, brings the total matter in controversy to **more than $5,952,000** – well above the $5,000,000 threshold amount. And, this does not even include the incidental and consequential damages that are also available under the statute, as well as, the attorneys' fee award.

7. Adding in the possibility of incidental and consequential damages, the matter in controversy continues to rise. For instance, Plaintiff enrolled $50,035.48 of unsecured debt into the LHDR debt resolution program.[11] Plaintiff alleges that LHDR did not settle any of his debts, which he alleges led one of his creditors suing him, garnishing his wages and forcing him to file for bankruptcy. (Compl. ¶¶ 49-50). A fact-finder could potentially find that because LHDR failed to resolve the approximate $50,000 worth of debt as it contracted to do, LHDR is liable to Plaintiff for the approximate $50,000. Such damages could be contemplated by the

---

11. *See* Pl.'s Compl. Exhibit 2, Creditor Listing.

consequential[12] and incidental[13] damages that Plaintiff claims he and the class have suffered as a result of the Defendants conduct and which are recoverable under the statute.

8.  Plaintiff alleges that "Plaintiffs' claims are typical to the Class Members because they are based on the same factual, legal, and remedial theories as the claims of the class." (Compl. ¶ 73). As stated above, Plaintiff enrolled $50,000.00 of unsecured debt with LHDR, and here, there are at least 400 class members. While a fact-finder might not find LHDR liable for the total of Plaintiff's $50,000 of unsecured debt, if he or she finds LHDR liable for even just 25% of it – *i.e.*, $12,500 – then multiplying this amount times 400 (as Plaintiff alleges his claims are typical of the class members) equals $5,000,000.00. This $5,000,000.00 in incidental or consequential damages alone meets the $5,000,000 threshold. But, added in to the actual and statutory damages, it brings the matter in controversy to <u>at least</u> **$10,952,000.**[14]

---

12.  *Consequential Damages* are defined as "[l]osses that do not flow directly and immediately from the injurious act but that result indirectly from the act." Black's Law Dictionary 445 (9th ed. 2011).
13.  *Incidental Damages* are defined as "[l]osses reasonably associated with or related to actual damages." Black's Law Dictionary 446 (9th ed. 2011).
14.  As noted above, LHDR states that there are in excess of 400 putative class members. Thus, the amount of $10,952,000 may potentially be even higher for each person over and above 400.

9.  In addition to the Violation of the Debt Settlement Services Statute,[15] Plaintiff seeks to enforce Minnesota's False Statement in Advertising Act ("FSAA"), (Compl. ¶¶ 60-63), and requests damages pursuant to Minn. Stat. §8.31, subdiv. 3a, which specifically provides:

> In addition to the remedies otherwise provided by law, **any person injured by a violation of any of the laws referred to in subdivision 1 may bring a civil action and recover damages, together with costs and disbursements, including costs of investigation and reasonable attorney's fees, and receive other equitable relief as determined by the court.** The court may, as appropriate, enter a consent judgment or decree without the finding of illegality. In any action brought by the attorney general pursuant to this section, the court may award any of the remedies allowable under this subdivision.[16]

The additional damages recoverable under this statute only further establish that the matter in controversy here is above the requisite threshold. Indeed, under this statute, Plaintiff is seeking damages, including any disbursements, as well a,s reasonable attorney fees. (*See* Compl. ¶ 62). And, "CAFA explicitly grants original jurisdiction based on <u>aggregated claims</u> of class members."[17]

10. Moreover, Plaintiff is seeking "an order enjoining Defendants" from engaging in debt resolution services. Indeed, this relief has a pecuniary value to both Harrison and the putative class, as well as, to Defendants. Defendants recognize that, presently, the Eighth Circuit follows the "plaintiff's-viewpoint" rule

---

15. Minn. Stat. Ann. §332B *et seq*.
16. Minn. Stat. Ann. 8.31, subdiv. 3a (West 2012) (emphasis added).
17. *Marple,* 639 F.3d at 1110 (emphasis added).

when valuing a claim for injunctive relief.[18] Defendants, however, respectfully submit that there is a good faith argument adopting the "either-viewpoint" rule.[19] If the Court accepts the adoption of an "either-viewpoint" rule, the injunction has clear value to the Defendants as it would prevent them from providing debt resolution services in the State of Minnesota, and consequently, would cause a substantial loss of income to them. Indeed, this loss could run in the millions. And, even if the Court chooses to only apply the Plaintiff's view-point, the value of Plaintiff and putative class members' injunctive claim is still substantial. Thus, in addition to the monetary relief sought in this case, the injunctive relief also has a substantial value which must be taken into account when calculating the matter in controversy for removal purposes.

11.     Moreover, Plaintiff also seeks punitive damages. (Compl. p. 19, ¶ 5). Even if the Court awards punitive damages on a 1:1 ratio, the value of the matter in

---

18.     *Burns v. Mass. Mut. Life Ins. Co.,* 820 F.2d 246, 248 (8th Cir. 1987). Indeed, in *Burns,* the Eighth Circuit stated that "The amount in controversy in a suit for injunctive relief is measured by the value to the plaintiff of the right sought to enforce." *Id*. Defendants submit that the statutory reference to "value" as explained in the Senate report provides a basis in CAFA case to consider either viewpoint.

19.     The Senate Judiciary Committee, when considering CAFA, specifically discussed the "viewpoint" analysis observing that "the Committee intends that a matter be subject to federal jurisdiction under [CAFA] if the <u>value</u> of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief.)." S. Rep. 109-14, 1st Sess. 2005, 2005 WL 627977, at *43 (Feb 28, 2005); (emphasis added).

11

controversy soars even higher.[20] For instance, a potential award of punitive damages using a 1:1 ratio as to actual damages would result in potential award of punitive damages of at least $3,452,000. This, in addition to actual damages equals $6,904,000. Clearly, this amount is above the minimum amount of $5,000,000.00 required by CAFA.

12. Finally, Plaintiff seeks attorneys' fees, as well, thus, further increasing the value of the matter in controversy here. The Complaint specifically states that Plaintiff: "[a]warding costs, including costs of investigation and attorney fees, as authorized by Minn. Stat. § 8.31(3)a and Minn. Stat. § 332B.13, subdiv. 2." (Compl. Demand for Relief ¶ 6). Indeed, this Court has recognized that "the Eighth Circuit 'permits the court to consider attorney fees in determining the amount in controversy'" for purposes of CAFA removal.[21] If the class were awarded one third of the damages award (of the $10,952,000.00 – which is the potential actual, incidental, consequential, and statutory damages award here, as explained above in sub-paragraph VI(8), then attorneys' fees could potentially be an additional $3,600,000, thus, equaling **$14,552,000.** Therefore, it is abundantly clear that Defendants have satisfied the matter in controversy requirement under CAFA.

---

20. *See e.g., JCB, Inc v. Union Planters Bank,* 539 F.3d 862, 876 (8th Cir. 2008) (approving a 1:1 ratio of actual and punitive damages as constitutional).
21. *Zupancich v. U.S. Steel Corp.*, No. 08-5847 ADM/RLE, 2008 WL 5450036, at *3 (D. Minn. Dec. 31, 2008).

13. As all of the foregoing shows, the value of the matter in controversy here is well in excess of the $5,000,000.00 requirement under CAFA. Thus, jurisdiction in this Court is clearly proper.

### VII. No Exceptions to Diversity Jurisdiction Apply.

1. Furthermore, diversity jurisdiction exists and removal is proper because the exceptions set forth in 28 U.S.C. § 1332(d)(4)(A) & (B) do not apply.

### VIII. Pleadings and Process.

1. As required by 28 U.S.C. § 1446(a), Defendants have attached copies of all pleadings served on them to this Notice of Removal. *See* "Composite Exhibit A" (hereto).

### IX. Notice Given.

1. Written notice of the filing of the Notice of Removal will be promptly served on Plaintiff's counsel, and a copy will be promptly filed with the Clerk of the District Court of Olmsted County, Minnesota, pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Notice of Removal to Federal Court is attached as "Exhibit C" (hereto).

### X. Removal is Timely Filed.

1. This Notice has been timely filed within thirty days of service of process of the Complaint and Summons, and within one year after commencement of the action, as allowed by 28 U.S.C. § 1446(b). Indeed, Defendants first became

aware of this lawsuit on August 10, 2012 when Defendants served with the Complaint and Summons, occuring within thirty days of the filing of this Notice of Removal.

### XI. Venue.

1. Venue in this district is proper pursuant to 28 U.S.C. § 1446(a) because this action, though not yet filed, sits before the District Court of Olmsted County, Minnesota, which is included in the U.S. District Court for the District of Minnesota.

### XII. Non-Waiver of Defenses.

1. Nothing in this Notice shall be interpreted as a waiver or relinquishment of Defendants' right to assert any defense or affirmative matter, including without limitation, a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and a motion to compel arbitration pursuant to the Federal Arbitration Act.

**ACCORDINGLY**, this Court has jurisdiction over this matter, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, and Defendants LHDR and Agosto hereby remove this action from the District Court of Olmsted County, Minnesota, to this Court.

Defendants' Notice of Removal

August 30, 2012

          s/Jeffrey E. Grell
          Jeffrey E. Grell (021078X)
          S. Steven Prince (287696)

          GRELL & FEIST LLC
          825 Nicollet Mall, Suite 1648
          Minneapolis, MN 55402
          Telephone: 612-259-8314
          Facsimile: 612-354-7230

          ATTORNEYS FOR DEFENDANTS
          LEGAL HELPERS DEBT
          RESOLUTION, LLC AND JAMES
          AGOSTO

10212419.1